VINCENZA PALOMBI, as Administratrix of the Estate of GIOVANNI PALOMBI, Deceased, Appellant, *v.* ANNA VOLPE, Respondent.

(Argued October 18, 1928; decided October 26, 1928.)

*Samuel Mazzola* for appellant. The agreement is definite and certain and contains every material and essential item necessary to comply with the Statute of Frauds. (*De Goode* v. *Benton,* 125 N. Y. Supp. 662; *Newberger* v. *American Surety Co.,* 244 N. Y. 134; *Pelletreau* v. *Brennan,* 113 App. Div. 806; *Smith* v. *United Traction & Electric. Co.,* 49 App. Div. 641; 168 N. Y. 597; *Ketchum* v. *Evettson,* 13 Johns. 365; *Beveridge* v. *West Side Construction Co.,* 130 App. Div. 139; *N. E. D. Holding Co., Inc.,* v. *McKinley,* 246 N. Y. 40; *Ellis* v. *Miller,* 164 N. Y. 434.)

*Charles A. Galotta* and *Gilbert M. Levy* for respondent. The minds of the parties never met on a completed contract. (*U. S.* v. *Carlin Const. Co.,* 224 Fed. Rep. 859; *Sanders* v. *Pottlitzer Bros. Fruit Co.,* 114 N. Y. 209; *Belbird Realty Corp.* v. *Wolfson,* 221 App. Div. 67; *Ansorge* v. *Kane,* 244 N. Y. 395; *Keystone Hardware Corp.* v. *Tague,* 246 N. Y. 79.)

*Per Curiam.* The informal memorandum of the agreement made by the parties provides for the lease to the plaintiff of a restaurant and an apartment above the restaurant for a term of five years with an option to renew the lease for a further term. Though the parties contemplated that a formal lease should be made thereafter, the informal memorandum does not leave open for further negotiation any essential provisions which should be embodied in the lease. It contains a clause that the tenant should have the " privilege to go through the hall of the house." It is evident that the parties understood that the promised privilege of passage through the hall can be made available only if an opening is made between the restaurant and the hall. The Tenement House Department has refused to permit the opening to be made and the parties are unable to agree upon any other practicable means of access to the hall.

The defendant cannot give to the plaintiff the promised privilege of passage through the hall without violation of the law. The court might under some circumstances still decree specific performance of the agreement so far as the defendant is in a position to carry out that agreement, but here the plaintiff has refused to accept or pay for the apartment above the restaurant, because, without the privilege of passage through the hall, the apartment cannot be used for its intended purpose in connection with the restaurant. The court cannot compel the defendant to carry out that part of the agreement which would cause a violation of the law and the plaintiff has refused to accept without that part all the premises which the defendant has agreed to lease. To sever the agreement and compel the defendant to make a lease of the restaurant alone would in effect be specific performance, not of an agreement made by the parties, but of an agreement made for them by the court.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.